## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

JOSALYN JONES                                    CIVIL ACTION NO. 23-83

VERSUS                                           JUDGE DONALD E. WALTER

KROGER CO. ET AL.                                MAGISTRATE JUDGE HORNSBY

## <u>MEMORANDUM RULING</u>

Before the Court is a Motion for Summary Judgment filed by Defendants Kroger Company and Kroger Texas L.P. ("Kroger"). <u>See</u> Record Document 10. For the reasons stated below, Kroger's motion for summary judgment (Record Document 10) is **GRANTED**.

## <u>BACKGROUND</u>

This is a personal injury suit arising from an alleged trip and fall that occurred at a grocery store, Kroger, located at 6652 Youree Drive in Shreveport, Louisiana. <u>See</u> Record Document 1-4 at ¶ 5. On December 23, 2021, Josalyn Jones ("Jones") entered Kroger to use the restroom. <u>See id.</u> at ¶ 6. As Jones proceeded to the restroom entrance, Jones allegedly tripped and fell over a flat utility cart placed outside the women's restroom. <u>See id.</u> The utility cart had a flatbed with a tall handle on one side. <u>See</u> Record Document 12-1 at 1–2.

In her deposition, Jones stated that she saw the cart before she fell, and she thought she cleared the cart. <u>See</u> Record Document 10-11 at 12. Jones stated that she did not know what caused her fall, only that she saw the cart and then landed on the floor in front of the cart. <u>See id.</u> Jones claims that her knee was the part of her body that hit the floor first. <u>See id.</u> at 18. Jones alleges that as a result of the alleged fall, she had knee surgery. <u>See</u> Record Document 10-1 at 1. This was her second knee surgery. Jones had undergone another knee surgery one year prior. <u>See id.</u>

Kroger filed this motion for summary judgment arguing that Jones cannot meet her burden of proof that she fell due to a condition existing on the premises. <u>See</u> Record Document 10-1 at 3. Alternatively, Kroger argues that if the court finds that Jones fell due to a condition existing on the premises, she cannot meet her burden of proof that the condition presented an unreasonable risk of harm. <u>See id.</u> In her opposition, Jones argues that there are two material issues of fact regarding whether the placement of the cart by Kroger's employee created an unreasonably dangerous condition which caused or contributed to the injuries suffered by Jones. <u>See</u> Record Document 12 at 4–5.

## LAW AND ANALYSIS

### A.  Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>Quality Infusion Care, Inc. v. Health Care Serv. Corp.</u>, 628 F.3d 725, 728 (5th Cir. 2010).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  <u>See id.</u> "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548 (quoting Fed. R. Civ. P. 56(c)).

**B.  Louisiana Merchant Liability Statute.**

Subject matter jurisdiction in this matter is based on diversity. Thus, Louisiana tort law applies. See Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817 (1938) (holding that a federal court sitting in diversity jurisdiction applies the substantive law of the forum state). In Louisiana, merchant liability for slip and fall cases is governed by the Louisiana Merchant Liability Act which provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Rev. Stat. § 9:2800.6. The plaintiff has the burden of proving all three elements under the Louisiana Merchant Liability Act. See Russell v. Morgan's Bestway of La., LLC, 113 So. 3d 448, 452 (La. App. 2 Cir. 4/10/13). Failure to prove any of the requirements will prove fatal to the plaintiff's case. See id. Furthermore, in addition to the three elements set forth in Section 9:2800.6(B), Jones must prove the five elements of the well-established Louisiana tort law duty/risk analysis: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant failed to conform his conduct to the appropriate standard; (3) the defendant's conduct

was a cause-in-fact of the plaintiff's injuries; (4) the defendant's conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. See Berg v. Zummo, 2000-1699 (La. 4/25/01), 786 So.2d 708, 715–16 (citing Roberts v. Benoit, 605 So.2d 1032, 1051 (La.1991)).

First, Kroger argues that Jones cannot meet her burden of proof because she cannot prove that she fell due to a condition existing on the merchant's premises. See Record Document 10-1 at 5. Second, Kroger contends that Jones fails to meet the first element of Section 9:2800.6(B), that is, whether the condition presented an unreasonable risk of harm to the claimant. See id. The Court will address each argument in turn.

**1. Condition Existing on Merchant's Premises.**

Kroger's argument that Jones cannot prove that she fell due to a condition existing on the merchant's premises relates to the cause-in-fact element of the plaintiff's case in chief. "Cause in fact is generally a 'but for' inquiry; if the plaintiff probably would have not sustained the injuries but for the defendant's substandard conduct, such conduct is a cause in fact." Roberts, 605 So. 2d at 1042. The evidence must show that that the defendant contributed to the plaintiff's harm. See id.

To support its allegation that Jones cannot meet the evidentiary burden for cause-in-fact, Kroger offers the following testimony from Jones's deposition:

Q. Do you remember tripping?

A. I do not.

Q. Did you see the cart before you fell?

A. Yes.

Q. Okay. You don't really know what happened then?

A. No, sir.

4

Q. Do you know what caused you to fall?

A. I do not.

Record Document 10-11 at 12. Jones further stated in her deposition that she did not see or hear any part of her body hit the cart. See id. at 13.

In an affidavit, Jones stated that the Kroger store surveillance video shows that she "tripped where the short end of the cart was located." See Record Document 12-1 at 2. That statement is the only cause-in-fact evidence that the cart caused her to fall. However, the still photo captured from the store surveillance video submitted to the Court only shows Jones from the waist up. See Record Document 10-10 at 1–5. There is no evidence to show that she tripped over the cart or whether something else caused her to fall. The lack of evidence for the cause-in-fact element is sufficient to grant the motion for summary judgment. See Broussard v. Retail Invs. of Tex., Ltd., 123 So. 3d 912, 916 (La. App. 3 Cir. 10/9/13) (granting a motion for summary judgment based on lack of evidentiary support for causation because the plaintiff did not know what caused her to trip). Therefore, Jones fails to meet her burden of proof, and the motion for summary judgment is granted in favor of Kroger.

**2.  Unreasonable Risk of Harm.**

Even had Jones met her burden of proof as to the condition existing on Kroger's premises, her claim would still fail. Alternatively, Kroger contends that Jones fails to prove that the utility cart presented an unreasonable risk of harm to the plaintiff. See Record Document 10-1 at 5. To determine whether a condition is unreasonably dangerous, Louisiana courts have adopted a four-part test. See Russell, 113 So. 3d at 452. The Court must consider

1) the utility of the complained-of condition[,]

2) the likelihood and magnitude of the harm, which includes the obviousness and apparentness of the condition[,]

5

    3)  the cost of preventing the harm[,] and

    4) the nature of the plaintiff's activities in terms of its social utility, or whether it is dangerous by nature[.]

Id. "Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify its potential harm to others." Id. (citing Reed v. Wal–Mart Stores, Inc., 708 So.2d 362, 365 (La. 3/4/98)). A court may decide a motion for summary judgment regarding the issue of whether an unreasonable risk of harm was present as long as no factual dispute is asserted. See Dowdy v. City of Monroe, 78 So. 3d 791, 797 (La. App. 2 Cir. 11/2/11) (holding that "[t]he court is charged legislatively by this favored procedure to determine the legal significance of the undisputed facts").

    Both parties filed a list of uncontested facts. See Record Document 10-3 at 1; Record Document 12-3 at 1. Both parties agree that on December 23, 2021, Jones tripped and fell in Kroger near the entrance to the bathroom at the front of the store, and there was a utility cart outside the entrance to the bathroom. See id.

    Jones argues that there are two genuine issues of material fact, and therefore, it is not appropriate for this Court to determine the merits of the motion for summary judgment. See Record Document 12 at 4–5. First, Jones contends that "[t]here is a material issue of fact as to whether the placing of the empty cart by [Kroger's] employee, Bernard Hill, with the shortest end of the cart placed nearest the bathroom entrance, created an unreasonably dangerous condition which caused or contributed to the injuries and other damages suffered by the plaintiff, [Jones.]" Id. at 4. Second, Jones contends that "[t]here is a material issue of fact as to whether the placing of the empty cart by [Kroger's] employee, Bernard Hill, in close proximity to the bathroom entrance, created an unreasonably dangerous condition which caused or contributed to the injuries and other damages

suffered by the plaintiff, [Jones.]" Id. at 4–5. However, this Court may decide the issue of whether an unreasonable risk of harm was present in light of the agreed upon facts.

The utility of the complained-of condition relates to Kroger's need to have the utility cart placed outside the restroom. On December 23, 2021, Bernard Hill, one of Kroger's utility clerks, placed the utility cart along a wall near the restroom doors. See Record Document 10-4 at 1. Hill stated in his affidavit that he has cleaned the restrooms numerous times, and each time he puts the utility cart in the same position while he cleans the restrooms and removes the trash from the restrooms. See id. Hill further stated that he placed the utility cart outside the restrooms approximately five minutes before Jones claims to have fallen. See id. The cost of preventing harm is inconsequential to the store as the utility cart could have been placed in a different manner by Kroger. See Russell, 113 So. 3d at 452 (finding that "[t]he 'cost of preventing harm' can also be viewed as basically inconsequential to the store as the carts could have been placed in a different manner by Bestway around the store or even outside the building"). An assessment of the likelihood and magnitude of harm involving the obstruction caused by the utility cart shows that harm to customers would be unlikely. The utility cart had a flatbed with a tall handle on one side. See Record Document 12-1 at 1–2. The cart was large and obvious. In her deposition, Jones stated that she saw the cart before she fell, and she thought she cleared the cart. See Record Document 10-11 at 12. Finally, the nature of plaintiff's activity was that of a normal shopper. Jones did not do anything risky in choosing to walk to use the restroom.

"Courts have recognized that the mere presence of obstacles in a store, such as shopping carts, does not create an unreasonable risk of harm when the condition is open and obvious." Rodriguez v. Dolgencorp, LLC, 152 So. 3d 871, 872 (La. 11/14/14). Jones was aware of the presence of the utility cart and could have avoided any harm through the exercise of ordinary care.

See <u>Russell</u>, 113 So.3d at 453 (holding "[e]ven though there were multiple stocking carts involved, we find this situation so open and obvious that [the plaintiff] was able to observe the carts and easily avoid any risk of harm"). After reviewing the factors, this Court finds that the utility cart did not present an unreasonable risk of harm to the plaintiff. For this reason, even had Jones met her burden of proof as to the condition existing on Kroger's premises, Kroger is nevertheless entitled to summary judgment.

<u>**CONCLUSION**</u>

For the foregoing reasons, **IT IS ORDERED** that Kroger's motion for summary judgment (Record Document 10) is **GRANTED**. All of Jones's claims filed against Kroger are **DISMISSED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 31st day of January, 2024.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE